**UNITED STATES of America, Plaintiff–Appellee**

v.

**Miguel Angel RODRIGUEZ, Defendant–Appellant**

**United States of America, Plaintiff–Appellee**

v.

**Miguel Angel Rodriguez–Rodriguez, Defendant–Appellant.**

**Nos. 09–51039, 09–51042 Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 26, 2010.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before SMITH, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Miguel Angel Rodriguez–Rodriguez (Rodriguez) pleaded guilty to attempted unlawful reentry of an alien (count one) and making a false claim of citizenship (count two), in violation of 8 U.S.C. § 1326 and 18 U.S.C. § 911. The district court sentenced him to a 60–month term of imprisonment on count one, which was within the guidelines range of 57 to 71 months, and a concurrent term of 36 months (the statutory maximum) on count two. The court also revoked a term of supervised release from a prior case and imposed a 12–month consecutive sentence.

Rodriguez now appeals the 60–month sentence on count one, arguing that the lack of a fast-track disposition program in the Western District of Texas results in an unwarranted sentencing disparity, rendering his sentence unreasonable. As he concedes, his argument is foreclosed by our decision in *United States v. Gomez–Herrera,* 523 F.3d 554, 562–63 (5th Cir.2008), and he raises it only to preserve it for further review.

In this appeal, Rodriguez does not reurge any of the other challenges to his sentence that he made in the district court, nor does he challenge the supervised release revocation. Accordingly, he has abandoned those issues on appeal. *See United States v. Lucien,* 61 F.3d 366, 370 (5th Cir.1995).

---

The judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

